ROGERS & PERRY et al. v. A. T. NEWMAN et al.

ATTACHMENT IN EQUITY. *Appeal bond. Judgment thereon.* Where an attachment is sued out in equity upon proper averments under the Code, sec. 3455 *et sequente, fiats* obtained, and proceedings had in conformity therewith, the debtor acquiescing therein, and, upon appeal, giving bond for the appeal conditioned for the payment of the debt, the complainants, on affirmance, will be entitled to a judgment on the appeal bond for the recovery below, notwithstanding a prayer in the bill for relief beyond that which follows an attachment at law.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. SMITH, Ch.

G. W. PICKLE and W. McSWEEN for complainants.

O. C. KING for defendant.

COOPER, J., delivered the opinion of the court.

On a former day of the term, the chancellor's decree in favor of the complainants as attaching creditors of Newman, and subjecting the property attached to the satisfaction of their debts, was affirmed. The complainants now move for judgment against Newman and the sureties on his appeal bond for the amount of their respective judgments in the court below, with interest. Newman alone appealed, and he gave bond for the appeal in about double the amount of the several judgments of the complainants. The bond, after reciting the several judgments, is conditioned to "satisfy the amount of said decree and interest according to the terms thereof," as well as such damages and costs as may be adjudged.

The bills, with some variation in the language used, charge in substance that Newman had fraudulently disposed of his property for the purpose of defrauding his creditors, and had left the State, or so absconded that the ordinary process of the law cannot be served upon him. The prayer of each bill is that the conveyances therein set out be declared fraudulent and void, and the property subjected to the satisfaction of complainants' debts. The *fiats* for the attachments were granted by the clerk and master, except in the case of Peter Kern, when the order was by the chancellor. And the proceedings were had under the Code, sec. 3455 *et seq.*

The complainants intended to sue out attachments under the Code, sec. 3455, and the causes of attach-

Rogers & Perry *v.* Newman.

ment are assigned and proceedings had in conformity therewith. No objection was taken by the defendant Newman to the attachments because the *fiats* were granted by the clerk and master. If the attachments are to be treated as sued out under that section, the defendant could only appeal by giving bond with security for the payment of the recovery, unless the appeal were prosecuted under the pauper oath. *Staub* v. *Williams,* 1 Lea, 123. And the defendant has given an appeal bond accordingly. The prayer of the bill that the fraudulent conveyance be set aside is, it is true, more than the creditor is entitled to by an attachment at law, and is a circumstance tending to show that the proceedings were taken under the Code, sec. 4288. By itself, however, it is not sufficient to overcome the other and weightier circumstances to the contrary, where the debtor has acquiesced in the construction put upon the attachments by the complainants. In this view, it becomes unnecessary to consider whether the appeal bond should not also be conditioned for the payment of the debt, when the attachment is sued out under the Code, sec. 4288, where the recovery of judgment on the creditor's demand is had for the first time in the attachment suit.

Ordered accordingly.